**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

|  |  |  |
|---|---|---|
| IN RE SAFETY-KLEEN CORP. | ) | Consol. Case No. 3-00-1145 17 |
| BONDHOLDERS LITIGATION | ) |  |
|  | ) |  |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the United States District Court for the District of South Carolina, Columbia Division (the "Court"), this Stipulation is entered into by Lead Plaintiffs American High Income Trust and State Street Research Income Trust (together, the "Lead Plaintiffs") on behalf of themselves and the Class (as hereinafter defined) and Defendant PricewaterhouseCoopers LLP ("PwC"). The Stipulation provides for a settlement of this Action as against PwC only (the "Partial Settlement"), and does not constitute a settlement of any claims by the Plaintiffs (as hereinafter defined) or the Class against any other defendants in the Action.

WHEREAS:

A.    On April 13, 2000, the first of the Complaints consolidated into this Action was filed in the United States District Court for the District of South Carolina, Columbia Division, alleging violations of the federal securities laws against Safety-Kleen Corporation and others.

B.    On July 15, 2002, the Lead Plaintiffs filed an Amended Consolidated Class Action Complaint (the "Complaint") alleging violations of the federal securities laws by PwC, Kenneth W. Winger, Paul R. Humphreys, Michael J. Bragagnolo, James R. Bullock, Henry B. Tippie, John

W. Rollins, Sr., John W. Rollins, Jr., Leslie W. Haworth, Robert W. Luba, David E. Thomas, Jr., James L. Wareham, Grover C. Wrenn, Laidlaw, Inc., TD Securities (USA) Inc., NationsBanc Montgomery Securities LLC, and Raymond James & Associates, Inc. (collectively, the "Defendants").

      C.      The Complaint alleges that PwC violated § 11 of the Securities Act of 1933 (the "Securities Act") and § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

      D.      On January 8, 2003, the Court certified the Action as a class action with respect to all claims asserted therein.

      E.      On October 29, 2004, the Court issued an order decertifying the Plaintiffs' claims pursuant to the Exchange Act. By order of the Court, the decertification of the Exchange Act claims became effective on January 22, 2005.

      F.      In late February and early March 2005, certain former members of the Exchange Act class filed separate complaints in the Court against PwC and others as defined below (the "Individual Actions"), and certain others entered into a tolling agreement with PwC with respect to claims under the Exchange Act.

      G.      On March 1, 2005, a jury was selected for the trial of this Action. Opening statements in the trial are scheduled for March 10, 2005.

      H.      PwC denies all allegations of wrongdoing, fault, liability or damage to the Lead Plaintiffs or the Class, denies that it engaged in wrongdoing, denies that it committed any violation of law, denies that it acted improperly in any way and believes it acted properly at all times. PwC recognizes, however, the uncertainty and risk inherent in any litigation, especially

complex securities litigation, and the difficulties and substantial expense and length of time necessary to defend this action through trial and any appeal. To eliminate the burden and expense of further litigation and the risk of a substantial judgment at trial, PwC wishes to settle the litigation against it on the terms and conditions stated in this Stipulation, and to put the Settled Claims (as hereinafter defined) to rest finally and forever.

I.      The parties to this Stipulation recognize that this litigation has been filed by the Lead Plaintiffs and defended by PwC in good faith and with adequate basis in fact under Federal Rule of Civil Procedure 11, that the litigation is being voluntarily settled after advice of counsel, and that the terms of the settlement are fair, adequate and reasonable. This Stipulation shall not be construed or deemed to be a concession by any Plaintiff of any infirmity in any of the claims asserted in the Action, nor shall it be construed or deemed to be evidence of or an admission or concession on the part of PwC with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that PwC has asserted.

J.      The Plaintiffs' Lead Counsel, Grant & Eisenhofer, P.A. ("Lead Counsel"), has completed an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Lead Counsel has analyzed the evidence adduced during pretrial discovery to date and has researched the applicable law with respect to the claims of the Lead Plaintiffs and the Class against the Defendants and the potential defenses thereto.

K.      The Lead Plaintiffs, by their counsel, have conducted discussions and arm's length negotiations with counsel for PwC with respect to a compromise and settlement of the Action with a view to settling the issues in dispute and achieving the best relief possible consistent with

3

the interests of the Class. The Partial Settlement embodied herein was reached on March 8, 2005, two days before opening statements in the trial of the Action were scheduled to begin.

        L.      Based upon their investigation and pretrial discovery as set forth above, Lead Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims raised in the Action as against PwC pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that the Lead Plaintiffs and the members of the Class will receive from settlement, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlements to be consummated as provided by the terms of this Stipulation.

        NOW THEREFORE, without any admission or concession on the part of the Lead Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession on the part of PwC of any liability or wrongdoing or lack of merit in its defenses whatsoever, it is hereby STIPULATED AND AGREED, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Partial Settlement, that all Settled Claims (as defined below) as against PwC shall be compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## CERTAIN DEFINITIONS

1.      As used in this Stipulation the following terms shall have the following meanings:

        a.      "Action" shall mean the captioned lawsuit, Case No. 3-00-1145 17.

4

b.        "Bonds" refers to the 9 ¼ % senior subordinated notes due 2008 issued by Laidlaw Environmental Services, Inc. ("2008 Bonds") and the 9 ¼ % senior notes due 2009 issued by Safety-Kleen Corporation ("2009 Bonds"), collectively.

c.        "Class" means all persons or entities who purchased the Bonds during the Class Period and were damaged thereby.  Excluded from the Class are the following persons and entities which would otherwise fall within the Class definition:  (1) the Company and Defendants, (2) members of the families of the Individual Defendants, (3) the subsidiaries or affiliates of the Company or of any  Defendant, (4) any person or entity who is a partner, officer, director, employee or controlling person of the Company or any Defendant, (5) any entity in which any Defendant has a controlling interest, and (6) the legal representatives, heirs, successors or assigns of any such excluded person.

d.        "Class Members" means all persons or entities who are members of the Class.

e.        "Class Period" means the period from April 17, 1998 through and including March 5, 2000.

f.        "Plaintiffs" means American High Income Trust, State Street Research Income Trust, and all members of the Class.

g.        "Individual Plaintiffs" means the following entities, all of which have either filed separate Exchange Act claims against PwC or have executed tolling agreements with PwC with respect to such claims:  American High Income Trust; State Street Research Income Trust; American  Funds Insurance Series: High Income Bond Fund; American Funds Insurance Series: Bond Fund; The Income Fund of America, Inc.; Western Asset Funds, Inc.; Pacific American

Income Shares, Inc.; TCW Galileo Funds, Inc.; TCW High Yield Funds, Inc.; TCW High Yield

Limited Partnership; TCW Leveraged Income Trust, L.P.; TCW Leveraged Income Trust II, L.P.;

San Francisco City and County Employees Retirement System; Los Angeles County Employees

Retirement System; PIMCO Variable Insurance Trust – High Yield Portfolio; PIMCO Funds:

Global Investor Series plc – High Yield Fund; PIMCO Funds, Pacific Investment Management

Series – PIMCO High Yield Fund; UPS Retirement Plan; Bedford CDO, Ltd; Equity Trustees

Limited as Responsible Entity for PIMCO Extended Markets Fund; Florida State Board of

Administration; Oak Hill Securities Fund, L.P.; Oak Hill Securities Fund II, L.P., AGE High

Income Fund, A Series of Franklin High Income Trust; Legg Mason Income Trust, Inc.; P&PK

Family Limited Partnership; Lerner Enterprises, L.P.; Connecticut Retirement Plans and Trust

Funds; OCM High Yield Trust; OCM High Yield Limited Partnership. OCM High Yield Fund II,

L.P.; Iowa Public Employees' Retirement System; Delta Airlines Master Trust – High Yield;

Richard King Mellon Foundation; The University of Virginia; Chrysler Corporation Master

Retirement Trust; Automobile Club of Southern California; Interinsurance Exchange of the

Automobile Club; Club Pension Plan; Canada Life Insurance Co. of America; Canada Life

Assurance Co. – USA Division; Canada Life Assurance Co. – Canada Division; U.S. High Yield

Investments, B.V., Sankaty High Yield Asset Partners, L.P., Great Point CBO 1998-1, Ltd.; Great

Point CLO 1999-1, Ltd.; and all others with accounts managed by Oaktree Capital Management,

LLC ("Oaktree") which acquired Bonds during the Class Period.

        h.        "Individual Actions" means (i) all lawsuits filed by the Individual Plaintiffs

with the Court in late February and early March 2005, in which they assert claims under the

Exchange Act and/or under state law against PwC and others which arise out of transactions in the

Bonds; and (ii) all claims which are the subject of tolling agreements between PwC and any of the Individual Plaintiffs and which arise out of transactions in the Bonds.

        i.        "Lead Counsel" means attorneys for the Plaintiffs, the law firm of Grant & Eisenhofer, P.A., Chase Manhattan Centre, 1201 N. Market St., Wilmington, DE 19801, (302) 622-7000.

        j.        "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim form to the Claims Administrator.

        k.        "Claims Administrator" means the firm of The Garden City Group, Inc., which shall administer the Settlement.

        l.        "Court" means the United States District Court for the District of South Carolina, Columbia Division, the Honorable Joseph F. Anderson, Jr. presiding.

        m.        "PwC" refers to PricewaterhouseCoopers LLP, its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns.

        n.        "Defendants" means PwC, Kenneth W. Winger, Paul R. Humphreys, Michael J. Bragagnolo, James R. Bullock, Henry B. Tippie, John W. Rollins, Sr., John W. Rollins, Jr., Leslie W. Haworth, Robert W. Luba, David E. Thomas, Jr., James L. Wareham, Grover C. Wrenn, Laidlaw, Inc., TD Securities (USA) Inc., NationsBanc Montgomery Securities LLC, and Raymond James & Associates, Inc.

        o.        "Individual Defendants" refers to the individuals who remain as defendants in the Action as of the date hereof:  Kenneth W. Winger, Paul R. Humphreys, Michael J. Bragagnolo, James R. Bullock, Leslie W. Haworth, Henry B. Tippie, Robert W. Luba, and James

L. Wareham, and all agents, attorneys, representatives and consultants and all other persons purporting to act on their behalf.

      p.      "PwC's Counsel" means the law firms of (1) Gibson Dunn & Crutcher LLP, 2100 McKinney Avenue, Suite 1100, Dallas, TX 75201; and (2) Sweeny, Wingate & Barrow, P.A., 1515 Lady Street, Columbia, SC 29201.

      q.      "Effective Date" means the date upon which the Partial Settlement contemplated by this Stipulation shall become effective, as set forth in Paragraph 29 below.

      r.      "Company" or "Safety-Kleen" refers to Safety-Kleen Corporation, its predecessors (including Laidlaw Environmental Services, Inc.), successors, parents, consolidated and unconsolidated subsidiaries, divisions, affiliates, operating units, controlling persons, controlled persons, officers, directors, employees, representatives and agents.

      s.      "Partial Settlement" means the settlement with PwC contemplated by this Stipulation.

      t.      "Released Party" means PwC and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns.

      u.      "Settled Claims" means all (i) all claims, rights, demands, suits, matters, issues or causes of action against PwC or any Released Party, whether known or unknown, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of any losses sustained by Plaintiffs with respect to any transaction in or related to the Bonds (but excluding any claims to enforce the terms of the Partial Settlement); and (ii) all claims, rights, demands, suits, matters, issues or causes of action against Plaintiffs or any of their present and former

partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Lead Counsel), whether known or unknown, whether under state or federal law, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, or relating in any way to the institution, prosecution, or settlement of the Action (but excluding any claims to enforce the terms of the Partial Settlement).

       v.      "Order and Final Judgment" means the proposed order to be entered approving the Partial Settlement substantially in the form attached hereto as Exhibit A.

       w.      "Preliminary Approval Order" means the proposed order preliminarily approving the Partial Settlement and directing notice thereof to the Class substantially in the form attached hereto as Exhibit B.

       x.      "Publication Notice" means the summary notice of the proposed Partial Settlement and hearing for publication substantially in the form attached as Exhibit C.

       y.      "Settlement Notice" means the Notice of Proposed Partial Settlement of Class Action, Hearing On Proposed Settlement and Attorneys' Fee Petition and Right to Share in Settlement Funds, which is sent to members of the Class substantially in the form attached hereto as Exhibit D.

       z.      "Plan of Allocation" refers to the manner in which the Net Class Settlement Fund shall be allocated among Authorized Claimants. It does not include the allocation of the Gross Settlement Amount as between the Class and the Individual Plaintiffs.

**SCOPE AND EFFECT OF SETTLEMENT**

      2.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Settled Claims as against PwC.

3.     Pursuant to the Order and Final Judgment, upon the Effective Date of the Partial Settlement with PwC, (a) the Lead Plaintiffs and members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against any Released Party, and (b) PwC and each Released Party shall release and forever discharge, and shall forever be enjoined from prosecuting, any Settled Claims against Plaintiffs and/or their present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Lead Counsel).

## THE SETTLEMENT CONSIDERATION

4.     No later than March 25, 2005, PwC shall cause the sum of Forty-Eight Million Dollars ($48,000,000.00) in cash (the "Gross Settlement Amount") to be wire transferred into one or more escrow accounts as instructed by Lead Counsel, subject to Order of the Court. Of this sum, Nineteen Million Two Hundred Thousand ($19,200,000.00) (the "Class Settlement Amount") shall be allocated to, and held in escrow on behalf of, the Class in consideration of the settlement of the claims against PwC in this Action (the "Class Settlement Fund"), and Twenty-Eight Million Eight Hundred Thousand Dollars ($28,800,000.00) (the "Individual Plaintiffs Settlement Amount") shall be allocated to, and held in escrow on behalf of, the Individual Plaintiffs in consideration of the settlement of the claims against PwC in the Individual Actions (the "Individual Plaintiffs Settlement Fund"). The Class Settlement Fund and the Individual Plaintiffs Settlement Fund are collectively referred to herein as the "Settlement Fund."

5.     In the event that Plaintiffs and the Individual Plaintiffs collectively receive payment(s) totaling in excess of Forty Million Dollars ($40,000,000.00) pursuant to one or more

settlements of the Action and/or the Individual Actions with any of the Individual Defendants, or

as the result of final judgments entered in the Action and/or the Individual Actions in favor of

Plaintiffs and against any of the Individual Defendants, Plaintiffs and the Individual Plaintiffs

shall cause an amount equal to twenty-five percent (25%) of the amount they collectively receive

in excess of $40,000,000.00 to be returned to PwC; provided, however, that the maximum amount

to be paid to PwC pursuant to this provision shall be Six Million Five Hundred Thousand Dollars

($6,500,000.00). Notwithstanding the foregoing, payments, if any, from TD Securities (USA),

Inc. to Plaintiffs and/or the Individual Plaintiffs shall not be considered in calculating the amount

to be paid to PwC.

6.      PwC shall use its best efforts to reduce to judgment within a reasonable time, not to

exceed nine (9) months from the date the Partial Settlement is finally approved by the Court, any

claims for contribution that it may have against Kenneth W. Winger and Paul R. Humphreys

arising out of the action entitled *Toronto Dominion (Texas), Inc., et al. v.*

*PricewaterhouseCoopers, et al.*, Civil Action No. 00 VS 012679 F, in the State Court of Fulton

County, Georgia and, thereafter, assign any judgment obtained to Plaintiffs and the Individual

Plaintiffs, jointly.

7.      The Class Settlement Fund, net of any Taxes (as defined below) on the income

thereof, shall be used to pay (i) the notice and administration costs as provided in Paragraph 12

hereof, (ii) the attorneys' fee and expense award as provided in Paragraph 13 hereof, and (iii) the

administration expenses as provided in Paragraph 15 hereof.

11

a.          The balance of the Class Settlement Fund after the above payments shall be the Net Class Settlement Fund and shall be distributed to the Authorized Claimants as provided in Paragraphs 22-26 hereof.

b.          The Net Class Settlement Fund shall be held in escrow by Lead Counsel.

c.          All funds held in the escrow account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Stipulation and/or further order of the Court.

d.          Any funds in the escrow account shall be held by, and invested and reinvested by, one of the one hundred (100) largest banks in the United States.

8.          The parties hereto agree that the Net Class Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Net Class Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Net Class Settlement Fund and paying from the Net Class Settlement Fund any Taxes owed with respect to the Net Class Settlement Fund.  Counsel for PwC agree to provide promptly to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).

9.          All (i) taxes on the income of the Net Class Settlement Fund and (ii) expenses and costs incurred in connection with the taxation of the Net Class Settlement Fund (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Net Class Settlement Fund, shall be considered to be a cost of administration of the Partial Settlement, and shall be timely paid by the escrow agents without prior Order of the Court.

10.    This Partial Settlement between the Plaintiffs and PwC is in no way affected by other settlements entered into by PwC or any of the Plaintiffs or Individual Plaintiffs with respect to other Safety-Kleen related matters, except as provided herein.

### ADMINISTRATION

11.    The Claims Administrator shall administer the Partial Settlement under Lead Counsel's supervision and subject to the jurisdiction of the Court. Except as stated in Paragraph 17 hereof, PwC shall have no responsibility for the administration of the Partial Settlement and shall have no liability to the Plaintiffs or Individual Plaintiffs in connection with such administration. PwC's Counsel shall cooperate in the administration of the Partial Settlement to the extent reasonably necessary to effectuate its terms.

12.    Lead Counsel may expend from the Net Class Settlement Amount, without further approval from PwC or the Court, up to the sum of Five Hundred Thousand Dollars ($500,000) to pay the reasonable costs and expenses associated with the administration of the Partial Settlement, including without limitation, the costs of identifying members of the Class, the costs of publication, printing and mailing the Settlement Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

### ATTORNEYS' FEES AND EXPENSES

13.    Lead Counsel will apply to the Court for an award of attorneys' fees and reimbursement of expenses, plus interest, from the Class Settlement Fund. PwC takes no position regarding the amount of attorneys' fees or costs payable to Lead Counsel. Such attorneys' fees,

expenses, and interest as are awarded by the Court from the Class Settlement Fund (the "Fee Award") shall be payable from the Class Settlement Fund to Lead Counsel immediately upon entry of an Order of the Court approving the Partial Settlement and awarding such fees and expenses, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Class Settlement Fund plus accrued interest at the same net rate as is earned by the Class Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

14.    Except as provided herein, Plaintiffs, the Individual Plaintiffs, and PwC shall bear their own attorneys' fees and costs incurred in connection with the Action; provided, however, that PwC shall, upon demand from Lead Counsel, pay one-sixth of the cost of giving notice of the partial decertification of the Class to the Class Members.

## ADMINISTRATION EXPENSES

15.    Lead Counsel will apply to the Court, on notice to PwC's Counsel, for an order (the "Class Distribution Order") approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted herein and approving any fees and expenses not previously applied for, including the fees and expenses of the Claims Administrator, and, if the Effective Date has occurred, directing payment of the Net Class Settlement Fund to Authorized Claimants.

## ADMINISTRATION OF THE SETTLEMENT

16.    Any member of the Class who does not submit a valid Proof of Claim will not be entitled to receive any of the proceeds from the Net Class Settlement Fund but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order

and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Party concerning any Settled Claims.

17.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Class Settlement Fund by the Claims Administrator. Except for their obligation to pay the Settlement Amount, PwC shall have no liability, obligation or responsibility for the administration of the Partial Settlement or disbursement of the Net Class Settlement Fund. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claims submitted in the interests of achieving substantial justice.

18.    For purposes of determining the extent, if any, to which a Class member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply, subject to Lead Counsel's discretion to waive any such conditions in the interests of achieving substantial justice:

a.    Each Class Member shall be required to submit a Proof of Claim, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator, in its discretion (subject to Lead Counsel's supervision), may deem acceptable;

b.    All Proofs of Claim must be submitted by the date specified in the Settlement Notice unless such period is extended by Order of the Court. Any Class Member who fails to submit a Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this

Stipulation and the Settlement including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for herein.  Provided that it is received before the motion for the Class Distribution Order is filed, a Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions in the Settlement Notice.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

        c.      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to Subparagraph e below;

        d.      Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall communicate with the Claimant in an effort to remedy the curable deficiencies in the Proof of Claims submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to review by the Court if the Claimant so desires and complies with the requirements of Subparagraph e below;

        e.      If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in Subparagraph d above, serve upon the Claims Administrator a notice and

statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court; and

        f.        The administrative determinations of the Claims Administrator accepting and rejecting claims shall be presented to the Court, without notice to PwC or PwC's Counsel, for approval by the Court in the Class Distribution Order.

      19.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Action or Partial Settlement in connection with processing the Proofs of Claim.

      20.      Payment pursuant to this Stipulation shall be deemed final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Class Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action against the Released Party concerning the Settled Claims.

      21.      All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto,

including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

22.     The Claims Administrator shall determine each Authorized Claimant's pro rata share of the Net Class Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation approved by the Court).

23.     The Plan of Allocation is not a necessary term of this Stipulation and it is not a condition of this Stipulation that any particular Plan of Allocation be approved.

24.     Each Authorized Claimant shall be allocated a pro rata share of the Net Class Settlement Fund based on his or her Recognized Claim compared to the total Recognized Claims of all accepted Authorized Claimants. This is not a claims-made settlement. PwC shall not be entitled to get back any of the settlement monies once the Partial Settlement becomes final. PwC shall have no involvement in reviewing or challenging Proofs of Claim.

25.     The Net Class Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the Effective Date and after: (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefor has expired; and (iv) all costs of administration have been paid.

26.     If any funds remain in the Net Class Settlement Fund by reason of uncashed bank drafts or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Class Settlement Amount cash their bank drafts, any balance remaining in the Net Class Settlement Amount one (1) year after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Class Settlement Amount for such re-distribution, to Authorized Claimants who have cashed their bank drafts and who would receive at least $10.00 from such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Class Settlement Amount, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

## TERMS OF PRELIMINARY APPROVAL ORDER

27.     Promptly after this Stipulation has been fully executed, Lead Counsel and PwC's Counsel jointly shall apply to the Court for entry of a Preliminary Approval Order, substantially in the form annexed hereto as Exhibit B.

## TERMS OF ORDERS AND FINAL JUDGMENT

28.     If the Partial Settlement contemplated by this Stipulation is approved by the Court, counsel for the parties shall request that the Court enter the Order and Final Judgment in the Action substantially in the form annexed hereto as Exhibit A.

## EFFECTIVE DATE OF SETTLEMENTS, WAIVER OR TERMINATION

29.     The Effective Date of the Partial Settlement shall be the date when all the following shall have occurred:

19

      a.        entry of the Preliminary Approval Order in all material respects in the form annexed hereto as Exhibit B;

      b.        approval by the Court of the Partial Settlement, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

      c.        entry by the Court of an Order and Final Judgment, in all material respects in the form set forth in Exhibit A annexed hereto, and the expiration of any time for appeal or review of such Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final Judgment is upheld on appeal in all material respects and is no longer subject to review upon appeal or review by writ of certiorari, or, in the event that the Court enters an order and final judgment in a form other than those provided above ("Alternative Judgment") and none of the parties hereto elect to terminate such Partial Settlement, the date that such Alternative Judgment becomes final and no longer subject to appeal or review.

      30.       Counsel for PwC or Lead Counsel, on behalf of their respective clients, shall have the right to terminate the Partial Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) days after: (a) the Court's declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal to approve this Stipulation or any material part of it; (c) the Court's declining to enter the Order and Final Judgment in any material respect; (d) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the date upon which an Alternative Judgment with respect to the Settlement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

31.    Without limiting any other rights under this Stipulation, by no later than ten (10) calendar days before the Fairness Hearing, PwC may unilaterally withdraw from and terminate this Stipulation and the Partial Settlement if requests for exclusion are received from Class Members who, as of March 6, 2000, held in excess of Twenty Million Dollars ($20,000,000.00) par amount of the Bonds.

32.    Except as otherwise provided herein, in the event the Partial Settlement is terminated or fails to become effective for any reason, then the Plaintiffs and PwC shall be deemed to have reverted to their respective status in the Action as of March 7, 2005 and, except as otherwise expressly provided, the parties shall proceed in all respects as if the Partial Settlement and any related orders had not been entered, and any portion of the Class Settlement Amount previously paid by PwC, together with any interest earned thereon, less any Taxes due with respect to such income, and less costs of administration and notice actually incurred and paid or payable from the Class Settlement Amount (not to exceed $500,000.00 without the prior approval of PwC or the Court), shall be returned to PwC.

## BAR ORDER AND JUDGMENT REDUCTION PROVISIONS

33.    The Order and Final Judgment (Exhibit A) contemplated herein shall include an order that bars all claims by any person against the Released Party for contribution arising out of the Action and bars all claims by PwC against any person for contribution arising out of the Action, other than a person whose liability has been extinguished by the Partial Settlement, each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

## NO ADMISSION OF WRONGDOING

21

34.    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

a.    shall not be offered or received against PwC as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by PwC with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of PwC;

b.    shall not be construed as or received in evidence as an admission, concession or presumption against the Plaintiffs or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the Class Settlement Amount; and

c.    shall not be construed against PwC or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

## MISCELLANEOUS PROVISIONS

35.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

36.    PwC warrants that it is not insolvent and that the payments required to be made by it pursuant to this Stipulation will not render it insolvent within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof. This warranty is made by PwC and not by PwC's Counsel.

37.    If a case is commenced in respect to PwC (or any insurer contributing funds to the Class Settlement Amount on behalf of PwC) under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Class Settlement Fund or any portion thereof by or on behalf of PwC to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited to the Class Settlement Fund by others, then, at the election of Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and Order and Final Judgment entered in favor of PwC pursuant to this Stipulation; and, the Order and Final Judgment shall be null and void, and the parties shall be restored to their respective positions in the litigation as of March 7, 2005 and any cash amounts in the Class Settlement Fund shall be returned as provided in Paragraph 32 above.

38.    The parties to this Stipulation intend the Partial Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Plaintiffs against PwC with respect to the Settled Claims. Accordingly, the Plaintiffs and PwC agree not to assert in any forum that the litigation was brought by the Plaintiffs or defended by PwC in bad faith or without a reasonable basis. The parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action. The parties agree that the amounts paid and the other terms of the Partial Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

23

39.     This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

40.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

41.     The administration and consummation of the Partial Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Counsel and enforcing the terms of this Stipulation.

42.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

43.     This Stipulation and its exhibits constitute the entire agreement among the parties hereto concerning the Partial Settlement, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

44.     This Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

45.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

46.     The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of

South Carolina without regard to conflicts of laws, except to the extent that federal law requires that federal law governs.

47.     This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

48.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

49.     Lead Counsel and PwC's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Partial Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Partial Settlement.

50.     PwC's Counsel further agrees to accept service of subpoenas from Plaintiffs on behalf of Robert Hoppe and Peter Chepul to appear at the trial of this matter (regardless of their distance from the Court).

DATED:   March ___ , 2005

Wesley G. Howell, Esquire
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193

On Behalf of PricewaterhouseCoopers LLP

Stuart M. Grant, Esquire
Megan D. McIntyre, Esquire
GRANT & EISENHOFER, P.A.
Chase Manhattan Centre
1201 N. Market Street, Suite 2100
Wilmington, DE 19801
(302) 622-7000

On Behalf of Plaintiffs and the Class

26

# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

|                                        |   |                              |
|----------------------------------------|---|------------------------------|
| IN RE SAFETY-KLEEN CORP.               | ) | Consol. Case No. 3-00-1145 17 |
| BONDHOLDERS LITIGATION                 | ) |                              |

## ORDER AND FINAL JUDGMENT

On _____, 2005, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March 9, 2005 (the "Stipulation"), including the releases provided for in the Stipulation, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against PwC in the Complaint now pending in this Court under the above caption, and should be approved; (2) whether judgment should be entered dismissing the Complaint with prejudice as to PwC; and (3) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased the Bonds at issue in this Action during the period from April 17, 1998 through March 5, 2000 (dates inclusive) (the "Class Period"), and who were damaged thereby, except those persons or entities excluded from the definition of the Class or who previously excluded themselves from the Class, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion in the national edition of The Wall Street Journal; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses

requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.    The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members, and PwC.

2.    Notice of the pendency of this Action as a class action and of the proposed Partial Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and the terms and conditions of the proposed Partial Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3.    The Partial Settlement is approved as fair, reasonable and adequate, and the parties are directed to consummate the Partial Settlement in accordance with the terms and provisions of the Stipulation.

4.    The Complaint, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against PwC only.

5.    Class Members who have not previously excluded themselves from the Class and the successors and assigns of any of them are hereby permanently barred and enjoined from

instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of any losses sustained by them with respect to any transaction in or related to the Bonds (the "Settled Claims") (but excluding any claims to enforce the terms of the Partial Settlement) against PwC and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against PwC with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

6.    PwC and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action against the Lead Plaintiffs, the Class Members, or any of their present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Plaintiffs' Lead Counsel), whether known or unknown, whether under state or federal law, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, or relating in any way to the institution, prosecution, or settlement of the Action (but excluding any claims to enforce the terms of the Partial Settlement).

7.    The Court hereby bars all claims by any person against PwC for contribution arising out of the Action and bars all claims by PwC against any person for contribution arising out of the Action, other than a person whose liability has been extinguished by the Partial Settlement,

each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

       8.      Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statement referred to therein shall be:

     a.  offered or received against PwC as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by PwC with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of PwC;

     b.  construed as or received in evidence as an admission, concession or presumption against the Plaintiffs or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the Class Settlement Amount; or

     c.  construed against PwC or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

       9.      The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

      10.     Plaintiffs' Lead Counsel are hereby awarded $_____ in attorneys' fees, which shall be paid from the Class Settlement Fund and which the Court finds to be fair and

reasonable, and $_____ in reimbursement of expenses, which shall be paid to Plaintiffs' Lead Counsel from the Class Settlement Fund with interest from the date such Class Settlement Fund was funded to the date of payment at the same net rate that the Class Settlement Fund earns.

11.    Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

12.    Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

13.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


DATED: _____          _____
                                   HONORABLE JOSEPH F. ANDERSON, JR.
                                   UNITED STATES DISTRICT JUDGE

# EXHIBIT

# B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

|  |  |  |
|---|---|---|
| IN RE SAFETY-KLEEN CORP. | ) | Consol. Case No. 3-00-1145 17 |
| BONDHOLDERS LITIGATION | ) |  |
|  | ) |  |

## PRELIMINARY APPROVAL ORDER

WHEREAS, by Order dated January 9, 2001, the Court appointed American High Income Trust and State Street Research Income Trust as Lead Plaintiffs in the above captioned action (the "Action"), and Grant & Eisenhofer, P.A. as Lead Counsel;

WHEREAS, the parties having made application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the partial settlement of the Action ("Partial Settlement") in accordance with the Stipulation of Settlement, dated March 9, 2005 ("Stipulation") as between Lead Plaintiffs and defendant PricewaterhouseCoopers LLP ("PwC"), which sets forth the terms and conditions for a proposed Partial Settlement of the Action and for the release of certain claims (defined in the Stipulation as "Settled Claims") and the dismissal of the Action against PwC with prejudice upon the terms and conditions set forth therein;

WHEREAS, this Court has previously certified a plaintiff class consisting of all persons or entities who purchased registered 9 ¼% senior subordinated notes issued by Laidlaw Environmental Services, Inc. due 2008 (the "2008 Bonds") and/or registered 9 ¼% senior notes issued by Safety-Kleen Corporation due 2009 (the "2009 Bonds") during the period from April 17, 1998 through and including March 5, 2000, and who were damaged thereby (the "Class");

1

WHEREAS, the class excludes the following persons and entities who would otherwise fall within the Class definition: (1) Safety-Kleen Corporation and its predecessor, Laidlaw Environmental Services, Inc. (collectively, the "Company") and the Defendants, (2) members of the families of the Individual Defendants, (3) the subsidiaries or affiliates of the Company or of any Defendant, (4) any person or entity who is a partner, officer, director, employee or controlling person of the Company or any Defendant, (5) any entity in which any Defendant has a controlling interest, and (6) the legal representatives, heirs, successors or assigns of any such excluded person;

WHEREAS, the Court having read and considered the Stipulation, and the exhibits attached thereto, and having heard and considered arguments by counsel for Plaintiffs and PwC in favor of preliminary approval of the Partial Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Partial Settlement appears to fall within the range of possible approval criteria, as it provides a beneficial result for the Class and appears to be the product of good faith, informed and non-collusive negotiations between experienced and able counsel for the settling parties;

WHEREAS, the Court also finds, upon a preliminary evaluation, that the Class should be apprised of the Partial Settlement, allowed to file objections thereto and to appear at the Partial Settlement Hearing, or alternatively, be afforded a reasonable opportunity to opt out of the Action;

WHEREAS, the Court finds, upon a preliminary evaluation, that the Publication Notice and Notice attached to the Stipulation as Exhibits C and D, respectively, and the methodology described in Paragraph 4 of this Order for the publication and dissemination of such Notice and Publication Notice: (i) are the best practicable notice; (ii) are reasonably calculated, under the

2

circumstances, to apprise Class Members of the pendency of the Action and of their right to object or exclude themselves from the proposed Partial Settlement; (iii) are reasonable and constitute due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meet all applicable requirements of the Federal Rules of Civil Procedures, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court and any other applicable law;

WHEREAS, unless otherwise stated herein, all defined terms contained herein shall have the same meanings set forth in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     The Court does hereby preliminarily approve the Partial Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate as to the Class Members, subject to further consideration at the Partial Settlement Hearing described below.

2.     A hearing (the "Partial Settlement Hearing") shall be held before this Court on _____, 2005 at _____ at the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201. The purpose of the Partial Settlement Hearing will be to determine whether the proposed Partial Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; whether the Final Judgment as provided in the Stipulation should be entered herein; and to determine the amount of fees and expenses that should be awarded to Lead Plaintiffs and Lead Counsel.

3.     The Court approves, as to form and content, the Publication Notice and the Notice of (i) Proposed Partial Settlement of Class Action, (ii) Hearing on Proposed Settlement With PricewaterhouseCoopers LLP and Attorneys' Fee Petition, and (iii) Right to Share in Settlement

Funds (the "Notice"), attached to the Stipulation as Exhibits C and D, respectively, and finds that the mailing and distribution of the Notice and publication of the Publication Notice in the manner and form set forth in Paragraph 4 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

4.    Lead Counsel are hereby authorized to retain The Garden City Group, P.O. Box 9000, Merrick, NY 11566-9000 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    Not later than March 20, 2005 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice substantially in the form attached to the Stipulation as Exhibit D, as well as a Proof of Claim form, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)    Not later than March 20, 2005, Lead Counsel shall cause the Publication Notice, substantially in form attached to the Stipulation as Exhibit C, to be published on one occasion in the national edition of The Wall Street Journal; and

(e)    Not later than April 1, 2005, Lead Counsel shall serve on PwC's counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.    Nominees who purchased or acquired registered 2008 Bonds and/or registered 2009 Bonds for the benefit of another person or entity during the Class Period shall be requested to send the Notice and the Proof of Claim to all such beneficial owners of the Bonds within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the

4

Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

6.     All Class Members who do not timely and validly request exclusion from the Class shall be bound by all proceedings, determinations, orders and judgments in the Action relating to the Partial Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class.

7.     Class Members who wish to exclude themselves from the Class shall request exclusion within the time and in the manner set forth in the Notice, including mailing or delivering a written request for exclusion such that it is postmarked by May 1, 2005, to: Safety-Kleen Bondholder Litigation, c/o The Garden City Group, P.O. Box 9000 #6070, Merrick, New York 11566-9000, as provided in the Notice.

8.     Class Members who wish to participate in the Partial Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted to the Claims Administrator by first-class mail, postmarked by June 15, 2005. Any Class Member who does not validly and timely submit a Proof of Claim shall be barred from sharing in the distribution of the proceeds of the Partial Settlement, unless otherwise ordered by the Court.

9.     Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice, in which case such counsel must file with the Clerk of Court and deliver to Lead Counsel and PwC's counsel a notice of appearance such that it is received by May 1, 2005, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

5

10.     All proceedings against PwC in the Action are stayed until further order of the Court, except as may be necessary to implement the Partial Settlement or comply with the terms of the Stipulation. This stay shall not affect the trial of the Action with respect to the Defendants other than PwC, which trial shall proceed as scheduled.

11.     Any Class Member may appear and show cause, if he, she or it has any such cause, why the proposed Partial Settlement of the Action should or should not be approved as fair, reasonable and adequate, or why a Final Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel; provided, however, that no Class Member or any other person or entity shall be heard or entitled to contest the approval of the terms and conditions of the proposed Partial Settlement, or, if approved, the Final Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that person or entity has filed written objections and copies of any such papers and briefs with the Clerk of the Court for the United States District Court for the District of South Carolina, Columbia Division, on or before May 1, 2005 and unless copies of such written objection papers and briefs are received by each of the following:

    Wesley G. Howell, Esquire
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY 10166-0193

    Megan D. McIntyre, Esquire
    GRANT & EISENHOFER, P.A.
    Chase Manhattan Centre
    1201 N. Market Street, Suite 2100
    Wilmington, DE 19801

6

The Garden City Group
Safety-Kleen Bondholder Litigation
P.O. Box 9000 #6070
Merrick, NY 11566-9000

The objections and/or briefs filed by the objecting Class Member must contain a statement of his, her or its objection, as well as the specific reasons, if any, for each objection, including the legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his, her or its objection. Any Class Member who does not make his, her or its objection in the manner provided herein shall be deemed to have waived such objection and shall be forever barred and foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Partial Settlement, to the Plan of Allocation, and to the award of attorneys' fees and expenses to the Lead Plaintiffs and/or Lead Counsel.

12.    Neither PwC nor PwC's counsel shall have any responsibility for any application for reimbursement of attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Partial Settlement.

13.    At or after the Partial Settlement Hearing, the Court shall determine whether any application for attorneys' fees or reimbursement of expenses shall be approved.

14.    All reasonable costs incurred in identifying and notifying Class Members, as well as in administering the Partial Settlement, shall be paid as set forth in the Stipulation. In the event the Partial Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay to PwC or its insurers the reasonable and actual costs of Class Notice and of administration.

7

15.    The Court reserves the right to adjourn the date of the Partial Settlement Hearing without further notice to Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Partial Settlement. The Court may approve the Partial Settlement, with such modifications as may be agreed to by the parties to the Stipulation, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED:    _____

_____
THE HONORABLE JOSEPH F. ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT
# C

.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| IN RE SAFETY-KLEEN CORP. | ) | Consol. Case No. 3-00-1145 17 |
| BONDHOLDERS LITIGATION | ) | |
| | ) | |

**SUMMARY NOTICE OF PROPOSED PARTIAL SETTLEMENT**
**OF CLASS ACTION AND SETTLEMENT HEARING**

**TO:  ALL PERSONS OR ENTITIES (THE "CLASS") WHO PURCHASED OR**
**ACQUIRED ANY OF THE FOLLOWING BONDS (THE "BONDS"):**

- **Registered 9 1/4% Senior Subordinated Notes due 2008 issued by Laidlaw**
  **Environmental Services, Inc. ("2008 Bonds");**
- **Registered 9 1/4% Senior Notes due 2009 issued by Safety-Kleen Corporation**
  **("2009 Bonds");**

If you purchased these Bonds between
**April 17, 1998 through and including March 5, 2000**
(the "Class Period") and you lost money on the Bonds, you may be entitled to share in a
settlement.

YOU ARE HEREBY NOTIFIED that the Lead Plaintiffs in the above-captioned action

have proposed a Partial Settlement with Defendant PricewaterhouseCoopers LLP ("PwC")

whereby the Class Members will dismiss their claims against PwC arising out of any losses

sustained with respect to any transaction in or related to the 2008 Bonds or the 2009 Bonds, and

PwC will (i) pay a settlement amount to the Class totaling Nineteen Million Two Hundred

Thousand Dollars ($19,200,000) in cash, and (ii) use its best efforts to reduce certain

contribution claims to a judgment and assign that judgment to the Class and certain other

plaintiffs that have filed actions against PwC.

PwC is only one of nine defendants, and the Class's claims against the remaining

defendants are unaffected by the Partial Settlement with PwC.  In the event that the Class, either

alone or in combination with certain other plaintiffs that have filed lawsuits against PwC relating to the Bonds, shall recover in excess of Forty Million Dollars ($40,000,000) from the remaining defendants, the terms of the Partial Settlement provide that twenty-five percent (25%) of the amount received in excess of Forty Million Dollars ($40,000,000) shall be returned to PwC, provided however that the maximum amount to be returned to PwC shall be Six Million Five Hundred Thousand Dollars ($6,500,000).

A hearing will be held before the Honorable Joseph F. Anderson, Jr. in the United States District Court for the District of South Carolina, Columbia Division at _____, on _____, 2005 to determine whether the Partial Settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Lead Counsel for attorneys' fees and reimbursement of expenses, and to advise of the proposed release of claims.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUNDS. If you have not yet received a Proof of Claim form and the full printed Notice of (i) Proposed Partial Settlement of Class Action, (ii) Hearing on Proposed Settlement and Attorneys' Fees Petition and (iii) Right to Share in Settlement Funds, you may obtain copies of these documents by contacting the Claims Administrator at:

> Safety-Kleen Bondholder Litigation
> c/o The Garden City Group
> P.O. Box 9000 #6070
> Merrick, NY 11566-9000

Inquiries, other than requests for the forms of Notice and Proof of Claim form, may be made to Plaintiffs' Lead Counsel:

> Kimberly Wierzel, Esquire
> GRANT & EISENHOFER, P.A.
> Chase Manhattan Centre

1201 N. Market Street
Wilmington, DE 19801
(302) 622-7000

To participate in the Partial Settlement, you must submit a Proof of Claim no later than

June 15, 2005.  If you are a Class Member and do not submit a proper Proof of Claim, you will

not share in the Partial Settlement, but you will be bound by the Order and Final Judgment of the

Court.

Further information may be obtained by directing your inquiry in writing to the Claims

Administrator at the address above.


DATED: _____          BY ORDER OF THE COURT

# EXHIBIT

# D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

|  |  |
|---|---|
| IN RE SAFETY-KLEEN CORP. BONDHOLDERS LITIGATION | Consol. Case No. 3-00-1145 17 |

## NOTICE OF (I) PROPOSED PARTIAL SETTLEMENT OF CLASS ACTION, (II) HEARING ON PROPOSED SETTLEMENT WITH PRICEWATERHOUSECOOPERS LLP AND ATTORNEYS' FEE PETITION AND (III) RIGHT TO SHARE IN SETTLEMENT FUNDS

**TO:  ALL PERSONS OR ENTITIES WHO PURCHASED OR ACQUIRED ANY OF THE FOLLOWING BONDS (THE "BONDS"):**

- **Registered 9 1/4% Senior Subordinated Notes due 2008 issued by Laidlaw Environmental Services, Inc. ("2008 Bonds");**
- **Registered 9 1/4% Senior Notes due 2009 issued by Safety-Kleen Corporation ("2009 Bonds");**

If you purchased these Bonds between
**April 17, 1998 through and including March 5, 2000**
(the "Class Period") and you lost money on the Bonds, you may be entitled to share in a
settlement.

To claim benefits that may be due to you,

**you must submit a Proof of Claim on the form attached to this Notice postmarked on or before June 15, 2005.**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  IF YOU ARE A CLASS MEMBER, YOU ULTIMATELY MAY BE ENTITLED TO RECEIVE BENEFITS PURSUANT TO THE PROPOSED SETTLEMENTS DESCRIBED HEREIN.

**CLAIMS DEADLINE**:  CLAIMANTS MUST SUBMIT PROOFS OF CLAIM, ON THE FORM ACCOMPANYING THIS NOTICE, POSTMARKED **ON OR BEFORE JUNE 15, 2005**.

## I.    PURPOSE OF THIS NOTICE

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of South Carolina (the "Court").  The purpose of this Notice is to inform you that this Action, and the proposed Partial Settlement, will

affect all Class Members' rights. This Notice describes rights you may have under the proposed Partial Settlement and what steps you may take in relation to this Action. This Settlement Notice is not an expression of any opinion by the Court as to the merits of any claims or any defenses asserted by any party in this Action, or the fairness or adequacy of the proposed Partial Settlement.

You are receiving this Notice because you may have purchased registered 2008 Bonds or registered 2009 Bonds during the Class Period.

The above captioned lawsuit is a class action lawsuit (the "Action") in which the Court has certified a Class (the "Class"), described more fully below, on whose behalf this lawsuit is being prosecuted.

**By Order of the Court, this Notice is being sent to you in the belief that you may be a member of the Class, to inform you as follows:**

- THE COURT HAS CERTIFIED THE ACTION AS A CLASS ACTION ON BEHALF OF THE CLASS DEFINED IN SECTION III BELOW.

- A PARTIAL SETTLEMENT OF THE ACTION HAS BEEN REACHED, SUBJECT TO COURT APPROVAL. THIS PARTIAL SETTLEMENT IS WITH ONLY ONE OF THE DEFENDANTS, AND THE ACTION IS CONTINUING AGAINST THE REMAINING DEFENDANTS. THE TERMS OF THE PARTIAL SETTLEMENT ARE DESCRIBED IN SECTION IV BELOW.

- IF YOU MEET THE CLASS DEFINITION, YOU WILL BE A MEMBER OF THE CLASS AND YOU WILL BE BOUND BY THE PARTIAL SETTLEMENT AND THE RELEASES THAT ARE GIVEN PURSUANT THERETO, UNLESS YOU ACT TO EXCLUDE YOURSELF PURSUANT TO THE INSTRUCTIONS IN SECTION VII BELOW. IF YOU WISH TO REMAIN A MEMBER OF THE CLASS AND TO BE BOUND BY THE PARTIAL SETTLEMENT AND RELEASES, YOU DO NOT NEED TO TAKE ANY ACTION IN RESPONSE TO THIS NOTICE OTHER THAN WHAT IS OUTLINED IN SECTION VIII BELOW TO ESTABLISH THE DOLLAR AMOUNT OF YOUR CLAIM.

- NO DETERMINATION HAS BEEN MADE ON THE MERITS OF THE CASE. ANY FINAL JUDGMENT WILL BIND ALL MEMBERS OF THE CLASS EXCEPT THOSE MEMBERS WHO ACT TO EXCLUDE THEMSELVES NOW.

- YOU MAY OBTAIN MORE DETAILED INFORMATION ABOUT THE ACTION BY ACCESSING THE COURT FILE.

II.    **NATURE OF THE ACTION AND STATUS OF THE PROCEEDINGS**

The Amended Consolidated Class Action Complaint (the "Complaint"), which was filed in the Action on July 15, 2002, alleges that, during the Class Period, the Defendants violated the federal securities laws in numerous ways, including, but not limited to engaging in accounting practices that violated generally accepted accounting principles and that caused the published financial statements of Safety-Kleen Corporation and its predecessor, Laidlaw Environmental Services, Inc. (together, the "Company") for the years ended August 31, 1997, 1998, and 1999 to be materially false. Those financial statements were audited by PricewaterhouseCoopers LLP ("PwC"). The 1997 financial statements were contained within the registration statement for the 2008 Bonds, and the 1997 and 1998 financial statements were contained within the registration statement for the 2009 Bonds.

On March 6, 2000, the Company announced that it had commenced an internal investigation into allegations of accounting irregularities. On March 9, 2000, it was disclosed that PwC had withdrawn its audit opinions on the Company's fiscal 1997, 1998 and 1999 financial statements. On July 5, 2001, the Company published restated financial statements for those three years which, in the aggregate, reflected a reduction in the Company's net income of more than $530 million.

This Action is brought against certain current and former officers and directors of the Company (defendants James Bullock, Leslie Haworth, Henry Tippie, James Wareham, Robert Luba, Kenneth Winger, Paul Humphreys, and Michael Bragagnolo) (the "Individual Defendants"); and the Company's former outside auditor, PwC. The Individual Defendants and PwC are collectively referred to herein as the "Defendants."

The Complaint alleges that the Individual Defendants either actively participated in the Company's manipulative accounting practices and misstatements during the Class Period, or knew or should have known about them in the exercise of due diligence. The Complaint also alleges that Defendant PwC knew or should have known about the Company's improper accounting practices and the resulting misstatements of the Company's reported financial results.

The Complaint originally asserted claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act"), as well as under the Securities Act of 1933 (the "Securities Act"). Although the Class was certified with respect to all claims on January 8, 2003, it was subsequently decertified with respect to the Exchange Act claims effective January 22, 2005. Following the effective date of the decertification, the remaining claims which are being pursued in the Action on behalf of the Class were: claims against PwC and all of the Individual Defendants except Michael Bragagnolo pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k; and claims against all Individual Defendants except Robert Luba pursuant to Section 15 of the Securities Act, 15 U.S.C. §77o. The Defendants deny the claims against them and specifically deny any wrongdoing or liability to any Class member.

The trial of the Action commenced with the selection of a jury on March 1, 2005. The Partial Settlement was reached on March 8, 2005, two days before opening statements in the trial were to begin. No final determination on the merits of the Class's claims has been made. Any final judgment made by the Court will be binding on all members of the Class except those members who exclude themselves as provided herein.

## III.    THE CLASS

The Court has certified the Action as a class action on behalf of a Class consisting of all persons and entities that acquired registered 2008 Bonds or registered 2009 Bonds between April 17, 1998 and March 5, 2000 and suffered damages.  Excluded from the Class are the following persons and entities who would otherwise fall within the Class definition:  (1) the Company and Defendants, (2) members of the families of the Individual Defendants, (3) the subsidiaries or affiliates of the Company or of any Defendant, (4) any person or entity who is a partner, officer, director, employee or controlling person of the Company or any Defendant, (5) any entity in which any Defendant has a controlling interest, and (6) the legal representatives, heirs, successors or assigns of any such excluded person.

The Court has certified American High Income Trust and State Street Research Income Trust as Class representatives to prosecute the Action on behalf of the Class, and as lead plaintiffs in the Action pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.

The Court has approved the law firm of Grant & Eisenhofer, P.A., 1201 N. Market St., Suite 2100, Wilmington, DE 19801, (302) 622-7000 ("Lead Counsel") to serve as Lead Counsel for the Class.

## IV.    THE PARTIAL SETTLEMENT

On March 9, 2005, the Lead Plaintiffs signed a Stipulation and Agreement of Settlement (the "Stipulation") with Defendant PwC.  The Stipulation provides for a settlement of this Action as against PwC only (the "Partial Settlement"), and does not constitute a settlement of any claims by Lead Plaintiffs or the Class against any other Defendants in the Action.

PwC was the Company's outside auditor.  Lead Plaintiffs have made claims on behalf of the Class against PwC under Sections 11 of the Securities Act.

PwC denies all allegations of wrongdoing, fault, liability or damage to the Lead Plaintiffs or the Class, denies that it engaged in any wrongdoing, denies that it committed any violation of law, denies that it acted improperly in any way and believes it acted properly at all times.  PwC recognizes, however, the uncertainty and risk inherent in any litigation, especially complex securities litigation, and the difficulties and substantial expense and length of time necessary to defend this action through trial and any appeal.  To eliminate the burden and expense of further litigation and the risk of a substantial judgment at trial, PwC wishes to settle the litigation against it on the terms and conditions stated in the Stipulation, and to put the claims alleged in this Action to rest finally and forever.

Lead Counsel has completed an extensive investigation relating to the claims and the underlying events and transactions alleged in the Complaint.  Lead Counsel has analyzed the evidence adduced during pretrial discovery to date and has researched the applicable law with respect to the claims of the Lead Plaintiffs and the Class against PwC and the potential defenses thereto.  The Partial Settlement was reached after the jury had been selected for the trial of the Action, and two days before opening statements in the trial began.

4

Based upon their investigation and pretrial discovery as set forth above, Lead Counsel and the Lead Plaintiffs have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class, and in the Class's interests, and have agreed to settle the claims raised in the Action as against PwC pursuant to the terms and provisions of the Stipulation, after considering (a) the substantial benefits that the Class will receive from the Partial Settlement, (b) the attendant risks of litigation, and (c) the desirability of permitting the Partial Settlement to be consummated as provided by the terms of the Stipulation. From the perspective of the Lead Plaintiffs, the principal reason for the Partial Settlement is the substantial monetary benefits to be provided to the Class now. These benefits must be compared to the risk that recovery might not be achieved after a contested trial and likely appeals—possibly years into the future. Assuming the Lead Plaintiffs won at trial, they anticipated that PwC would have appealed the verdict and that would have created further uncertainty and delay. From the perspective of PwC, the principal reasons for the Settlement is to settle and terminate all existing or potential claims against them, and to eliminate the risk of a substantial judgment against it, without in any way acknowledging any fault or liability, in order to eliminate the burden and expense of further litigation.

Pursuant to the Stipulation, if the Partial Settlement is approved by the Court, all members of the Class will be deemed to have released the following claims against PwC:

> all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of any losses sustained by [members of the Class] with respect to any transaction in or related to the Bonds (but excluding any claims to enforce the terms of the Partial Settlement).

This means that, upon Court approval, all Class members will be permanently barred from asserting any of the claims described above against PwC. In addition, if the Court approves the Partial Settlement, PwC will be precluded from suing the Lead Plaintiffs, members of the Class, or Lead Counsel in connection with the Action.

Under the terms of the Partial Settlement, PwC will deposit Nineteen Million Two Hundred Thousand Dollars ($19,200,000) into escrow on behalf of the Class.

The "Gross Partial Settlement Amount" is Nineteen Million Two Hundred Thousand Dollars ($19,200,000). The "Net Partial Settlement Amount" is the Gross Partial Settlement Amount, less (i) Court-ordered attorneys' fees and expenses, and (ii) the costs and fees of administering the Partial Settlement.

Under the terms of the Partial Settlement, PwC will also use its best efforts to reduce to judgment certain contribution claims which it may possess against Kenneth Winger and Paul Humphreys, the Company's former Chief Executive Officer and Chief Financial Officer, respectively, arising out of the action entitled *Toronto Dominion (Texas), Inc., et al. v. PricewaterhouseCoopers, et al.*, Civil Action No. 00 VS 012679 F, in the State Court of Fulton County, Georgia, and thereafter will assign the judgment jointly to the Class and the plaintiffs in

certain individual actions which were filed by plaintiffs asserting claims against PwC under the Exchange Act. Forty percent (40%) of the proceeds, if any, which are obtained pursuant to such a judgment, less the attorneys' fees and costs associated with collecting on the judgment, will be added to the Net Partial Settlement Amount for distribution to the Class. There is no guarantee, however, that any amount will be collected on these contribution claims.

If you have any questions about the proposed Partial Settlement, you may contact: Kimberly Wierzel, Esq., Grant & Eisenhofer, P.A., 1201 N. Market St., Wilmington, Delaware 19801, (302) 622-7000.

## V.     PLAN OF ALLOCATION OF THE PROCEEDS OF THE SETTLEMENT AMONG CLASS MEMBERS

As stated above, the Gross Partial Settlement Amount is Nineteen Million Two Hundred Thousand Dollars ($19,200,000). That amount will increase if money is collected on the judgments against Kenneth Winger and Paul Humphreys referenced in Part IV above. The Lead Plaintiffs and the Defendants, including PwC, have retained damages experts who have calculated widely varying estimates of Section 11 damages. As discussed below, the percentage recovery of the Gross Partial Settlement Amount differs widely depending on whether you credit the Plaintiffs' damage analysis or that of the Defendants.

The Lead Plaintiffs' damages expert has calculated Section 11 damages of One Hundred Twenty Four Million Three Hundred Thousand Dollars ($124,300,000.00). The Gross Partial Settlement is more than fifteen percent (15.4%) of this amount. PwC's damages expert has calculated Section 11 damages of Eleven Million Dollars ($11,000,000) The Gross Partial Settlement is one hundred and seventy-five percent (175%) of this amount. The bulk of the difference between PwC's view and the Plaintiffs' view centers on how much of the economic losses suffered by the Bondholder Class are attributable to the Defendants' conduct and how much is attributable to other factors.

From the Gross Partial Settlement Amount of Nineteen Million Two Hundred Thousand Dollars ($19,200,000), approximately Two Million Dollars ($2,000,000) will be deducted for Lead Plaintiffs' actual litigation expenses. More specifically, forty percent (40%) of the litigation expenses incurred in connection with the Action and certain related individual actions which were filed following decertification of the Exchange Act claims will be charged against the Gross Partial Settlement Amount (the "Individual Actions"). The other sixty percent (60%) of those expenses will be charged against the proceeds of separate settlements between PwC and the plaintiffs in the Individual Actions. After actual litigation expenses are deducted, the Gross Partial Settlement is reduced to Seventeen Million Two Hundred Thousand Dollars ($17,200,000).

From the remaining Seventeen Million Two Hundred Thousand Dollars ($17,200,000), Lead Plaintiffs' counsel will request attorneys' fees. In accordance with the fee agreement between Lead Plaintiffs and their counsel, Lead Plaintiffs' counsel will request fifteen percent (15%) of the first Thirty Million Dollars ($30,000,000) of the Net Partial Settlement amount. Lead Plaintiffs calculate that the attorneys' fees will total approximately Two Million Five Hundred Eighty Thousand Dollars ($2,580,000) leaving a net amount of approximately Fourteen

Million Six Hundred and Twenty Thousand Dollars ($14,620,000) to be distributed to the Class (the "Net Settlement Amount").

The Net Settlement Amount will be divided pro-rata amongst the Class. Therefore, the amount of your recovery depends on the amount of your claim which is determined to be timely and valid, and how many other Class Members come forward with timely and valid claims.

Lead Plaintiffs anticipate the possibility of additional recoveries with the remaining Defendants. However, no such additional recovery can be assured. In the event of a recovery from the remaining Defendants in excess of Forty Million Dollars ($40,000,000), either in this Action alone or in combination with the Individual Actions, as part of the Partial Settlement the Lead Plaintiffs have agreed to return to PwC twenty-five percent (25%) of the amount received in excess of Forty Million Dollars ($40,000,000), provided however that the amount to be paid to PwC pursuant to this provision will not exceed Six Million Five Hundred Thousand Dollars ($6,500,000). Any recoveries from additional Defendants will also be reduced by attorneys' fees and any additional litigation costs.

## VI.    CONSEQUENCES OF CLASS MEMBERSHIP AND CLASS MEMBERS' RIGHTS

If you fall within the Class definition and you wish to remain in the Class, you must file your Proof of Claim attached hereto by June 15, 2005.

If you remain in the Class, then: (a) your interests in the Action will be represented by Lead Counsel for the Class, as identified in Section III above; (b) you will not have to pay any of Lead Counsel's attorneys' fees or expenses, except to the extent the Court may direct that such fees and expenses be paid out of any settlements or recoveries obtained for the Class (including the Partial Settlement); (c) you may be entitled to share in the benefits of any settlements or recoveries obtained in the Action, and you will be bound by any such settlements (including the Partial Settlement) and by any favorable or unfavorable judgments entered in the Action; (d) you will have the right to appear and be heard regarding Court approval of the Partial Settlement and any future settlements, and any applications for payment of attorneys' fees and expenses; and (e) you will have the right to receive notice of and object to any settlements.

If you elect to remain in the Class, you have a right to object to the Partial Settlement in the manner set forth below. If your objection is rejected, you will be bound by the Partial Settlement and the releases described herein, just as if you had not objected.

If you do not wish to have your interests represented by Lead Counsel for the purpose of appearing, objecting to, and/or otherwise being heard regarding the Partial Settlement and/or any future settlements or applications for payment of attorneys' fees and expenses, you may enter a separate appearance through counsel of your choice, or personally, at your own expense.

In order for you to benefit from any future recoveries against other Defendants in the Action, should there be any, you should retain copies of all records pertaining to your ownership of, as well as all purchases and sales of, the 2008 Bonds and/or 2009 Bonds during the period from April 17, 1998 through the present.

## VII.    HOW TO EXCLUDE YOURSELF FROM THE CLASS

Under the law, you have the right to exclude yourself from the Class certified by the Court.  You may exclude yourself from the Class if you wish to pursue a separate lawsuit against the Defendants, or for any reason at all.  If you exclude yourself from the Class, you will **not** be entitled to participate in any recovery by such Class in the Action, and you will not be bound by the Partial Settlement or any settlement in the Action, or by any favorable or unfavorable judgment in the Action.

**If you do not wish to remain a member of the Class, then you must timely request in writing to be excluded from the Class.**  Your request for exclusion must legibly set forth your name and address, and must include a statement that you wish to be excluded from the Class in the Safety-Kleen Bondholders Litigation.  **Your request for exclusion must be sent by United States mail, postmarked no later than May 1, 2005 to the Claims Administrator at the address stated at the end of this Notice.**

If you request exclusion from the Class on behalf of any person, entity, or individual other than yourself (such as, for example, a trust, a minor, or a pension fund), you also must state the basis of your legal authority to make a request for exclusion on behalf of that person, entity, or other individual.

In order to ensure proper processing of your request for exclusion, please include with the request the Social Security Number or Taxpayer Identification Number of the person, entity, or individual requesting exclusion from the Class, as well as a list stating the par amount of 2008 Bonds and/or 2009 Bonds that person, entity, or individual purchased and/or sold during the Class Period, and the date or dates of each such purchase and sale.

## VIII.    SUBMISSION AND PROCESSING OF PROOFS OF CLAIM

In order to be eligible to receive any distribution from the Net Settlement Amount, you must complete and sign the accompanying Proof of Claim and Release form and send it by first class mail postmarked on or before June 15, 2005, addressed as follows:

Safety-Kleen Bondholder Litigation
c/o The Garden City Group
P.O. Box 9000 #6070
Merrick, NY 11566-9000

If you do not submit a proper Proof of Claim form, you will not be entitled to any share of the Settlement Funds.

Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the District of South Carolina, Columbia Division with respect to his, her or its Proof of Claim.  The Court has reserved jurisdiction to allow, disallow, or adjust any claim on equitable grounds.

Nominees who purchased or acquired the Bonds for the benefit of another person or entity during the Class Period are requested to send the Notice and the Proof of Claim to all such beneficial owners of the Bonds within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.

## IX.     STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Lead Counsel has expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and has advanced substantial expenses for the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. Plaintiffs' Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Gross Partial Settlement Fund in the approximate amount of Two Million Five Hundred and Eighty Thousand Dollars ($2,580,000), and for reimbursement of expenses incurred in connection with the prosecution of this Action against PwC in the approximate amount of Two Million Dollars ($2,000,000). Lead Counsel, without further notice to the Class, may subsequently apply to the Court for fees and expenses incurred in connection with administering and distributing the proceeds of the Partial Settlement to the members of the Class and any proceedings subsequent to the Settlement Fairness Hearing.

## X.     NOTICE OF PARTIAL SETTLEMENT HEARING

A hearing on the proposed Partial Settlement (the "Partial Settlement Hearing") will be held on _____, 2005 at _____, before the Honorable Joseph F. Anderson, Jr. in the U.S. District Court for the District of South Carolina, Columbia Division, Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201. The purpose of the Partial Settlement Hearing will be to determine: (1) whether the Partial Settlement should be approved as fair, just and reasonable; (2) whether the Action should be dismissed with prejudice against PwC; and (3) to consider the proposed Plan of Allocation for the proceeds of the Partial Settlement and the application of Lead Counsel for attorneys' fees and reimbursement of expenses.

Any member of the Class who has not requested exclusion may appear at the Partial Settlement Hearing to show cause why the proposed Partial Settlement should not be approved, why the Action should not be dismissed with prejudice as against PwC, or why Lead Counsel should not be awarded attorneys' fees and reimbursement of expenses; provided, however, that no such person shall be heard, unless his, her or its objection or opposition is made in writing and filed, together with copies of any and all supporting papers and briefs, with the Court **no later than May 1, 2005**, with copies sent to:

Attorney for PwC:
      Wesley G. Howell, Esquire
      GIBSON, DUNN & CRUTCHER LLP
      200 Park Avenue
      New York, NY 10166-0193

The Claims Administrator:
      The Garden City Group
      Safety-Kleen Bondholder Litigation
      P.O. Box 9000 #6070
      Merrick, NY 11566-9000

Attorney for Lead Plaintiffs:
      Megan D. McIntyre, Esquire
      GRANT & EISENHOFER, P.A.
      Chase Manhattan Centre
      1201 N. Market Street, Suite 2100
      Wilmington, DE 19801

Once an objection to the proposed Partial Settlement is made, it cannot be withdrawn without the Court's approval. Unless otherwise ordered by the Court, any member of the Class who does not make his/her/its objection or opposition in the manner provided above shall be deemed to have waived all objections and opposition to the fairness, reasonableness and adequacy of the proposed Partial Settlement.

## XI.     MULTIPLE MAILINGS AND CHANGE OF ADDRESS

If you receive multiple copies of this Notice, it may be because you had multiple brokerage accounts, holdings or transactions in the 2008 Bonds and/or 2009 Bonds.

If this Notice was sent to a wrong address, **or if your address changes in the future,** please send prompt written notification of your correct address to the Claims Administrator at the address stated at the end of this Notice.

### <u>FOR MORE INFORMATION</u>

This Notice contains only a summary of the Action and the terms of the proposed Partial Settlement. Anyone interested in more detail regarding the Action is invited to: (1) visit the Office of the Clerk of the United States District Court for the District of South Carolina at the Matthew J. Perry, Jr. Courthouse, 901 Richland Street, Columbia, South Carolina 29201, during regular business hours, to inspect the Stipulation, the pleadings, and the other papers maintained there in Case No. 3 00-1145 17; and/or (2) contact the Claims Administrator at the following address:

      Safety-Kleen Bondholder Litigation
      c/o The Garden City Group
      P.O. Box 9000 #6070
      Merrick, NY 11566-9000

ALL INQUIRIES CONCERNING THIS SETTLEMENT NOTICE OR THE PROOF OF CLAIM FORM BY CLASS MEMBERS SHOULD BE MADE TO **THE CLAIMS ADMINISTRATOR IN WRITING** AT THE ADDRESS INDICATED IMMEDIATELY ABOVE.

Dated: March ___, 2005

                                     BY ORDER OF THE COURT
                                     UNITED STATES DISTRICT COURT FOR
                                     THE DISTRICT OF SOUTH CAROLINA