UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE SAFETY-KLEEN CORP.<br>BONDHOLDERS LITIGATION | ) Consol. Case No. 3-00-1145 17<br>)<br>) |

**PLAINTIFFS' MOTION FOR A NEW TRIAL OR TO REOPEN THE CASE AS TO DEFENDANTS' AFFIRMATIVE DEFENSES TO CONTROL PERSON LIABILITY**

On April 5, 2005, the Court granted judgment as a matter of law to defendants James Bullock, Leslie Haworth, Henry Tippie, James Wareham and Robert Luba ("Defendants") pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, on their affirmative defenses under Section 15 of the Securities Act of 1933 and Section 20(a) of the Exchange Act of 1934. Plaintiffs request a new trial on those claims or, in the alternative, an order reopening the case as to those claims to allow evidence on the affirmative defenses. The grounds for the motion are that the Court improperly shifted the burden of proof on the affirmative defenses to Plaintiffs to present evidence of the Defendants' lack of "good faith" when Defendants bear the burden of proof on that issue. The improper burden shifting deprived Plaintiffs of due process and the right to a fair trial on Defendants' affirmative defenses because Plaintiffs were unfairly precluded from presenting evidence, either in their case in chief, through cross examination on Defendants' case, or through rebuttal testimony.

**PROCEDURAL HISTORY**

During the course of the pretrial proceedings and continuing through the trial, Plaintiffs were led to understand that they would not bear the burden of presenting evidence that Defendants did not act in "good faith," which is the essence of Defendants' affirmative defenses

under Section 15 and Section 20(a). In particular, in ruling on the motion for summary judgment of defendants Tippie and Wareham on Section 15 and Section 20(a), the Court expressly rejected their argument that they were entitled to summary judgment on those claims because there was no evidence of their "culpable participation" in the alleged fraud. (Order No. 143) The Court expressly held that Plaintiffs need not establish the Defendants' culpable participation, and that Defendants had the affirmative burden of establishing their states of mind as a defense. (Order No. 143)

In the Court's preliminary instructions to the jury, the Court also made plain to the jury that the Defendants bear the burden of proof on their affirmative defenses: "As to some of the claims, the defendants have raised what is known as an affirmative defense that they acted in good faith. With regard to this type of defense, the defendants bear the burden of proof by a preponderance of the evidence". (March 10, 2005 Draft Tr. at 57:20-24) The Court further instructed the jury as follows: "Just as the plaintiffs have the burden have the burden of proving their case by a preponderance of the evidence, each defendant asserting an affirmative defense has the burden of proving it by a preponderance of the evidence. In other words the burden of proof with regard to any affirmative defense rests with the defendant asserting the defense". (March 10, 2005 Draft Tr. 74:22-75:3)

At the close of Plaintiffs' case, certain Defendants moved for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, in part, on the grounds that Plaintiffs' proof in its case failed to negate Defendants' affirmative defenses under Sections 15 and 20(a). At the hearing on April 5, 2005, the Court expressed its concern that the question of Defendants' conduct goes to an affirmative defense for which the Defendants have the burden of

proof. (April 5, 2005 Draft Tr. at p. 46:23-47:3) Nevertheless, at the close of Plaintiffs' case and before any evidence was put into the record by any Defendant to prove his affirmative defenses to the control person claims, the Court granted Defendants' Rule 50(a) motion for judgment as a matter of law on the affirmative defenses.

**POINT I**

**THE COURT ERRED IN SHIFTING THE BURDEN OF PROOF ON DEFENDANTS' AFFIRMATIVE DEFENSES**

Rule 50(a) expressly states, in relevant part, that if during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law. Fed. R. Civ. P. 50(a)(1). A movant under Rule 50(a) is entitled to judgment as a matter of law only if the nonmoving party failed to make a showing on an essential element of *its* case with respect to which *it had the burden of proof.* *Price v. City of Charlotte, N.C.*, 93 F.3d 1241, 1249 (4th Cir. 1996) (emphasis added); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986) (in the summary judgment context, Rule 56(c) requires entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element *essential to that party's case,* and on which *that party will bear the burden of proof at trial.*") (Emphasis added).

Thus, Rule 50(a) focuses on the proof of the elements of a claim that the non-moving party bears the burden of proving. *See e.g.* Fed. R. Civ. P. Rule 50(a), Advisory Committee Notes (1991) (recommending that when a district court is uncertain about how to rule on a

3

defendant's summary judgment motion, it should deny the motion, schedule the jury trial to begin with a presentation on the *essential element* that the *plaintiff* seems least likely to be able to maintain and, if the plaintiff is indeed unable to maintain *that element*, grant judgment as a matter of law for the defendant as soon as the plaintiff has been fully heard.) A party has been "fully heard" for purposes of Rule 50(a) when the party has submitted all of its evidence on the relevant claim or issue. *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139,1148-49 (U.S. App. D.C. 2004), citing 9 Moore's Federal Practice § 50.02 [2] (3d ed. 2004). The drafters of the 1991 amendment to Rule 50 emphasized that "[i]n no event" should a Rule 50(a) motion be granted unless the nonmoving party has been "afforded an opportunity to present any available evidence bearing on that fact." Fed. R. Civ. P. Rule 50(a) Advisory Committee Notes (1991) Amendment. Accordingly, under the express language of Rule 50(a) the party against whom judgment is sought (1) must be fully heard, (2) on all evidence (3) that it bears the burden of presenting. But that is not what happened here.

   In its April 5, 2005 Ruling, the Court ignored the fact the Plaintiffs, the party against whom judgment on Defendants' affirmative defenses was sought, did not have to meet any burden of proof on those defenses. Time and again in this case the Court had made clear that Defendants bear the burden of proof on their affirmative defenses to control person liability. Even Defendants' counsel conceded in arguing their Rule 50(a) motion that the Fourth Circuit made clear in *Dellastatious* that to satisfy the good faith affirmative defense under Section 20(a), *Defendants* have the burden to show that they did not act recklessly. (April 4, 2005 Draft Tr. at 87:25-88:9). Despite these clearly controlling principles, the Court erroneously rendered judgment against Plaintiffs on Defendants' affirmative defenses without Defendants putting one

shred of evidence in their affirmative case in support of their affirmative defenses.

Defendants, who admittedly have the burden to prove their good faith, cannot simply point to evidence that Plaintiffs presented and rest, as the Court allowed them to do, on the laurels of a purported "absence" of evidence of their lack of good faith. An exhaustive search of Fourth Circuit law uncovered no case where any district court granted judgment as a matter of law under Rule 50(a) on an affirmative defense after the close of the plaintiff's case but before the defendant put on any evidence in support of its defense, and no decision from the Fourth Circuit has been found affirming the propriety of such a ruling. As the First Circuit observed, a judgment under Rule 50 is "warranted only if the moving party's evidence is 'uncontradicted and unimpeached' ". *Marrero v. Goya of Puerto Rico, Inc.*, 304 F.3d 7, 22 (1st Cir. 2002) (internal citation omitted) (reversing judgment under Rule 50 in favor of defendant on an affirmative defense after defendant put in evidence in support of its affirmative defense). *See also Federal Ins. Co. v. Summers*, 403 F.2d 971, 975-76 (1st Cir. 1968) (directed verdict for defendant on his affirmative defense was reversed because the defendant had the burden on that defense and the only evidence was the defendant's own testimony, which the jury was not obliged to believe). There is, simply put, no precedent for the Court's procedural twisting of the burden of proof on a critical issue of fact.

## POINT II

### PLAINTIFFS HAVE SUFFERED EXTREME PREJUDICE AS A RESULT OF THE COURT'S RULE 50(A) RULING

As a result of the Court's ruling on Defendants' Rule 50(a) motion for judgment as a matter of law, Plaintiffs have been denied due process and the right to a jury trial on Defendants'

5

affirmative defenses. Plaintiffs made a conscious choice not to call some of the defendants in Plaintiffs' case because Plaintiffs did not have the burden of disproving their good faith. If Court had told Plaintiffs in advance that it would rule on Defendants' affirmative defenses after Plaintiffs finished their case-in-chief, Plaintiffs would have tried the case differently and would have submitted more evidence by calling more witnesses and/or asking additional questions of witnesses they did call. For example, Plaintiffs would have called Grover Wrenn, whose testimony would have implicated defendants Bullock and Haworth. Plaintiffs also might have called defendants Luba and Wareham to elicit testimony regarding their knowledge and conduct. Additionally, Plaintiffs would have elicited testimony from Mark Murovitz, the accounting expert for Tippie, Wareham and Luba, whose testimony would have shown that some of the SUD errors that those Defendants knew about were, in his opinion, material.

The Ruling demonstrates that the Court improperly accepted Defendants' bald statements that (a) it would not "get any better" for the Plaintiffs in the Defendants' case (April 4, 2005 Draft Tr. at 113:1-113:4), (b) the Court "already know[s] what an expert witness is going to say" (April 4, 2005 Draft Tr. at 113:12-113:18), and (c) there are facts not in dispute (April 4, 2005 Draft Tr. 129:15-130:16). Plaintiffs submit that not only are there facts plainly in dispute, but the evidence that Plaintiffs could have presented, had they known the tables would be turned on them, would be sufficient for a reasonable juror to find the absence of the Defendants' good faith.

In addition, the fact that Tippie, Haworth and Bullock were examined in Plaintiffs' case does not mean that was all of the evidence on the issue of their good faith or lack thereof is in the record. Indeed, the Court openly acknowledged that the jury did not hear fully from Defendants,

noting that Plaintiffs called only certain defendants "selectively" and presented only parts of depositions, knowing that Defendants' counsel had chosen to call them live later. (April 5, 2005 Draft Tr. at 46:23-47:5). The Court further stated: "In essence, I really haven't heard everything on affirmative defense." (April 5, 2005 Draft Tr. at 47:5-6)

Moreover, in a case such as this, where Defendants blame each other (and where their counsel have made clear that Defendants do not maintain a "joint defense" posture),[1] until all Defendants have testified it is impossible to know where the chips may ultimately fall. Plaintiffs and the jury were denied the opportunity to know if the Defendants would point fingers at each other in an effort to prove their own "good faith." It is very likely one defendant could put in evidence that implicates another defendant, or at the very least negates or discredits the evidence of another defendant.

Furthermore, since Defendants have the burden of proof on the affirmative defenses under Sections 15 and 20(a) and therefore would have to present some evidence in support of their defenses, Plaintiffs would have a chance to rebut that evidence and any inferences that Defendants tried to draw from the evidence. The case of *Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525 (1958) is instructive. In *Byrd*, the petitioner sued in the District Court of South Carolina to recover for injuries allegedly caused by respondent's negligence. The respondent asserted as an affirmative defense that the petitioner was the respondent's employee for purposes

---

[1] Haworth's counsel noted, for example, questioning by counsel for Tippie, Wareham and Luba along the lines that Tippie, Wareham and Luba were "there to see the matter through to the end" but Haworth and Bullock were not, and that Tippie, Wareham and Luba had information through the March 4, 2000 Board meeting, whereas Haworth and Bullock were not given access to information from the March 4, 2000 Board meeting. (April 1, 2005 Draft Tr. at 36:15-25)

of the state's Workmen's Compensation Act and that the Act provided the exclusive remedy. After hearing the respondent's evidence on this issue, the District Court struck the defense and did not permit the petitioner to offer evidence on the issue. The Court of Appeals for the Fourth Circuit reversed as to the availability of the defense and, *without a remand to receive rebuttal evidence from the petitioner on the issue*, made its *own* determination on the record and directed a judgment for the respondent. The Supreme Court reversed the Fourth Court, holding that it had denied the petitioner his day in court by precluding him from introducing evidence to rebut the defendant's affirmative defense. *Byrd*, 356 U.S. at 531-533.

Here, Plaintiffs never had the opportunity to rebut Defendants' affirmative defenses on control person liability. The Court denied Plaintiffs the opportunity to do so because it dismissed the defenses before Defendants ever put on any evidence. The Court's ruling on the factual issue of Defendants' "good faith" conduct unfairly denied Plaintiffs their day in court by imposing a burden of proof on Plaintiffs which rightfully belonged to Defendants, and by depriving Plaintiffs of any notice that they would be put to the burden of negating Defendants' defenses in Plaintiffs' case-in-chief. Plaintiffs were denied the right to cross examine Wareham, Luba, Haworth and Bullock regarding all facts bearing on their affirmative defenses (and not just portions of their deposition transcripts which Plaintiffs chose to present for purposes of proving Plaintiffs' prima facie case).

### POINT III

### THE CASE SHOULD BE REOPENED TO ALLOW EVIDENCE ON DEFENDANTS' GOOD FAITH AFFIRMATIVE DEFENSES TO CONTROL PERSON LIABILITY

Without conceding that Plaintiffs had the burden of proof on Defendants' affirmative

defenses, in the event the Court does not grant Plaintiffs a new trial on their Section 15 and 20(a) claims, Plaintiffs respectfully request that the Court vacate its entry of judgment as a matter of law under Section 15 and Section 20(a) and allow Plaintiffs to reopen their case to present evidence testing Defendants' affirmative defenses. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331-332 (1971) (recognizing that a court, in the exercise of sound discretion, can reopen a case to allow additional proof); *Teneyck,* 365 F.3d at 1149 (pointing out that "a Rule 50(a) motion gives the court and the nonmoving party notice of any deficiencies in the nonmoving party's case at a time when such deficiencies can still be corrected"). In exercising their discretion, courts have considered several factors, including: (1) whether the movant provided a reasonable explanation for failing to present the evidence in its case-in-chief; (2) the importance and probative value of the evidence; and (3) the possibility of prejudice to the non-moving party. *Garcia v. Woman's Hosp. of Texas*, 97 F.3d 810, 814 (5th Cir.1996) (Rule 50 judgment dismissing claim reversed, finding abuse of discretion in denying plaintiff's motion to reopen case); *see also U.S. v. Dizelos,* Docket No. 99.4271 2000 U.S. App. LEXIS 17544, *11-12 (4th Cir., July 19, 2000) (annexed as Exhibit A) (quoting *U.S. v. Abbas*, 74 F.3d 506, 510 (4th Cir.1996)) (same factors). Here, the scales tip overwhelmingly in favor of reopening Plaintiffs' case to allow *all* evidence to be presented on whether the Defendants acted in good faith.

First, Plaintiffs' purported "failure" to put forward evidence of Defendants lack of good faith was entirely reasonable. They were repeatedly assured by the Court that they would have the opportunity to test Defendants' evidence of their affirmative defenses, since all indications from the Court had been that Defendants must bear the burden of proof on those defenses.

Second, the evidence Plaintiffs need to present is extremely probative to the case. The jury cannot fully evaluate Defendants' claim of good faith without the additional evidence Plaintiffs will present. Finally, there can be no prejudice to Defendants because they had planned in any event to testify in their own defense and to present all evidence they had to support their affirmative defenses, and therefore they are not being subjected to having to present new or different witnesses or additional documentary evidence or in any way do more than what is required of them to meet their burden.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for a new trial or, in the alternative, reopen the trial on Plaintiffs' Section 15 and Section 20(a) claims to permit evidence on Defendants' affirmative defenses to those claims.

Dated: April 18, 2005

/s/ Pope D. Johnson, III

Pope D. Johnson, III
MCCUTCHEN, BLANTON, JOHNSON &
BARNETTE, LLP
P.O. Drawer 11209
Columbia, SC  29211-1209
(803) 799-9791
Local Counsel for the Plaintiffs and the Class

Stuart M. Grant
Megan D. McIntyre
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 North Market Street
Wilmington, DE  19801
(302) 622-7000
Lead Counsel for the Plaintiffs and the Class