UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

|  |  |  |
|---|---|---|
|  | ) | Case No. 3:00-1145-17 |
|  | ) |  |
| IN RE: SAFETY-KLEEN | ) | ORDER AND WRITTEN OPINION |
| BONDHOLDERS LITIGATION | ) | GRANTING JUDGMENT |
|  | ) | AS A MATTER OF LAW AGAINST |
|  | ) | WINGER AND HUMPHREYS |
|  | ) |  |
| _____ | ) |  |

Before the court is plaintiffs' motion for judgment as a matter of law made on behalf of the class as well as State Street Research Income Trust (SSRIT) and American High Income Trust (AHIT) individually against absent defendants Kenneth W. Winger and Paul R. Humphreys. Winger is the former President, Chief Executive Officer and Director of Safety-Kleen, and Humphreys is the former Chief Financial Officer of Safety-Kleen. By prior order, the court granted plaintiffs' motion for summary judgment against Winger and Humphreys pursuant to Section 11(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k, and reserved the measure of damages for trial (See Order No. 143). Neither Winger nor Humphreys participated in the seven-week trial which began with jury selection on March 1, 2005, and opening statements on March 10, 2005.

This order serves to memorialize the court's oral ruling made on April 22, 2005, which granted plaintiffs' motion for judgment as a matter of law against Winger and Humphreys on plaintiffs' four remaining claims made pursuant to: (1) Section 15 of the

Securities Act, 15 U.S.C. § 77o;[1] (2) Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. 240.10b-5;[2] (3) Section 18 of the Exchange Act, 15 U.S.C. § 78j(b);[3] and (4) Section 20 of the Exchange Act, 15 U.S.C. § 78t(a).

## FACTUAL BACKGROUND

This securities fraud class action concerns two bond offerings. In 1998 and 1999, Safety-Kleen Corporation ("Old Safety-Kleen") sold unregistered bonds to certain underwriters, who re-sold the bonds to "qualified institutional buyers" ("QIBs") pursuant to offering memoranda.[4] The bonds were issued to finance a hostile takeover by Laidlaw

---

[1] To prevail on their control person claims under Section 15 and Section 20(a), the plaintiffs must establish that defendant was a control person with direct or indirect power to direct or cause the direction of the management and policies of a person who is a primary violator (of the 1933 Act for Section 15 liability to attach; of the 1934 Exchange Act for Section 20(a) liability to attach). To establish a "good faith" defense to the control person claims, defendant must establish (1) that he acted in good faith; and (2) that he did not know about or induce the violation by acting recklessly. MODEL JURY INSTRUCTIONS: SECURITIES LITIGATION 110-11 (ABA 1996); *see* Securities Act of 1933, §15, 15 U.S.C. § 77*o*; Securities Exchange Act of 1934, § 20(a), 15 U.S.C. § 78t(a).

[2] To prevail under Section 10(b) and Rule 10b-5, the plaintiffs must establish that: (1) in connection with the purchase or sale of a security defendant made an untrue statement of material fact or failed to state a material fact that was necessary to prevent statements made from being misleading under the circumstances; (2) defendant acted knowingly or recklessly; (3) the plaintiffs justifiably relied on the alleged misrepresentation or omission; (4) defendant used an instrumentality of interstate commerce in connection with the purchase or sale of the securities to the plaintiffs; and (5) the plaintiffs suffered damages as a result of defendant's conduct. MODEL JURY INSTRUCTIONS: SECURITIES LITIGATION 80 (ABA 1996); *see* Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5.

[3] To prevail on the control person claims under Section 18, the plaintiffs must establish: (1) a false and misleading statement made by a defendant; (2) that is material; (3) contained in an SEC filing; (4) upon which the plaintiffs relied in their purchase of a security. *Magna Inv. Corp. v. John Does One through Two Hundred,* 931 F.2d 38, 39 (11th Cir. 1991). "Section 18 requires that a plaintiff establish knowledge of and reliance upon the alleged misstatements contained in any document filed with the S.E.C." *Heit v. Weitzen,* 402 F.2d 909, 916 (2d Cir. 1968); *see* 15 U.S.C. § 78r(a). To establish an affirmative defense, the defendant must establish that: (1) he acted in good faith; and (2) he had no knowledge that such statement was false or misleading. 15 U.S.C. § 78r(a).

[4] This case is one of four class action lawsuits filed by four distinct groups of plaintiffs against numerous individual and corporate defendants for securities fraud. Two of the class actions, *In re Safety-Kleen Stockholders* and *In re Laidlaw Stockholders*, have been settled. *In re Safety-Kleen Rollins Shareholders* is still pending before this court. Other than Winger and Humphreys, the remaining defendants in this case settled with plaintiffs. All four cases involve

2

Environmental Services, Inc. for its merger with Old Safety-Kleen. The resulting company, Safety-Kleen, Inc. ("Safety-Kleen"), was to use its best efforts to file registration statements for identical bonds with the Securities Exchange Commission ("SEC") so that the QIBs could later exchange their unregistered bonds for registered bonds. Registration statements were filed in 1998 and in 1999 for identical bonds to each of the bond offerings.

On March 6, 2000, Safety-Kleen announced that it was launching an investigation into possible accounting irregularities affecting the company's financial statements and placed three senior officers on administrative leave. Subsequently, the value of the bonds at issue in this case dropped precipitously. PricewaterhouseCoopers, L.L.P. ("PwC"), the accounting firm which audited the company's financial statements, withdrew its previously-issued clean audit opinions, and the bonds became nearly worthless.[5] The bondholders brought this action to recover losses incurred as a result of the alleged financial misstatements.

## STANDARD OF REVIEW

Judgment as a matter of law is appropriate if "during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). Judgment as a matter of law is only appropriate if, viewing the evidence in the light most favorable to the non-moving

---

a series of acquisitions and mergers. The merger at issue in this case is the May 1998 merger between Laidlaw Environmental Services, Inc. ("LESI") and "Old Safety Kleen." LESI issued unregistered bonds in 1998 to finance the merger, and then the resulting new entity, Safety-Kleen, Inc., registered identical bonds with the SEC. In 1999, Safety-Kleen, Inc. issued another series of unregistered bonds, and then later registered identical bonds with the SEC.

[5] Safety-Kleen filed for bankruptcy on June 9, 2000. Its parent company, Laidlaw, Inc., filed for bankruptcy on June 28, 2001. Claims against both Safety-Kleen and Laidlaw, Inc. were stayed pending the bankruptcy proceedings.

3

party, the court concludes that "a reasonable trier of fact could draw only one conclusion from the evidence." *Brown v. CSX Transportation, Inc.*, 18 F.3d 245, 248 (4th Cir. 1994).

The party moving for judgment as a matter of law has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

## DISCUSSION

Defendants PwC, Michael J. Bragagnolo, James R. Bullock, Leslie W. Haworth, Robert W. Luba, Henry B. Tippie, and James L. Wareham ("Settling Defendants") settled with plaintiffs prior to the conclusion of the defendants' case-in-chief. The court preliminarily approved the settlements. Plaintiffs then orally made three motions for judgment as a matter of law against remaining defendants Winger and Humphreys: (1) on the claims pursuant to Sections 10(b), 15, 18, and 20; (2) for violation of the anti-fraud provision of the federal securities laws, in particular, Section 10(b) and Rule 10b-5.; and (3) on joint and several liability for damages on all claims asserted against them. The court grants plaintiffs judgment as a matter of law against defendants Winger and Humphreys for primary violations under Section 10(b) and Rule 10b-5 of the Exchange Act, Section 18 of the Exchange Act, and secondary violations of control person liability under Section 15 of the Securities Act and Section 20(a) of the Exchange Act.

Winger and Humphreys did not avail themselves of the opportunity to participate in

the trial and failed to proffer any evidence for the jury's consideration. As a matter of law, Winger and Humphreys are entitled to no affirmative defenses because they have not put forward any evidence on the Section 15, 18, and 20(a) claims to establish they acted in good faith and without recklessness. Additionally, the court finds that the uncontradicted evidence supports a strong inference of scienter by Winger and Humphreys on the Section 10(b) and Rule 10b-5 claim.

Therefore, the court grants judgment as matter of law in favor of plaintiffs' class and in favor of AHIT and SSRIT on the Section 10(b), Section 15, Section 18 and Section 20(a) claims against defendants Winger and Humphreys. This award authorizes the clerk to enter judgment against defendants Winger and Humphreys jointly and severally on the Section 11, Section 10(b), Section 15, Section 18 and Section 20(a) claims.

## DAMAGES

For plaintiffs' claims under Sections 10(b), 18, and 20(a) of the Exchange Act, the recoverable damages are measured according to the out-of-pocket method, whereby damages equal the difference between the price actually paid and the true value of the bonds at the time of purchase. For plaintiffs' claims under Sections 11 and 15 of the Securities Act, recoverable damages are calculated as the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security

shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought. 15 U.S.C. §77k(e).

Plaintiffs' expert calculated damages based upon trading data provided by plaintiffs and certain other class members, and applied a formula to derive the damages suffered by the remainder of the class. Because the damages recoverable under the Securities Act and the Exchange Act overlap, the court adjusted the award to prevent double recovery.

The court finds damages to the class under the Section 11 and Section 15 in the amount of $124,334,420 ($101,993,650 for the purchasers of the 2008 Bonds and $22,340,770 for the purchasers of the 2009 Bonds). At plaintiffs' request, the court awards prejudgment interest at 9¼ % to compensate for the loss of investment opportunity from commencement of this action on March 6, 2000, in the amount of $72,788,000 ($59,729,000 for the purchasers of the 2008 Bonds and $13,059,000 for the purchasers of the 2009 Bonds). The award is reduced by the amount of $33,610,000, which is the amount plaintiffs received from the Settling Defendants (allocated on a 60% to 40% basis, i.e., $27,570,858 for the purchasers of the 2008 Bonds and $6,039,142 for the purchasers of the 2009 Bonds). Therefore, the court awards damages to the class in the net amount of $163,512,420 ($134,151,792 for the purchasers of the 2008 Bonds and $29,630,628 for the purchasers of the 2009 Bonds).

The court finds damages to AHIT under its Section 10(b), Section 18 and Section 20(a) claims in the amount of $15,496,091, and prejudgment interest at 9¼ % of $9,077,000. The award is reduced by the amount of $2,808,940, which is the amount plaintiffs received from the Settling Defendants. Therefore, the court awards damages to AHIT in the net amount of $21,764,151.

The court finds damages to SSRIT under its Section 10(b), Section 18 and Section 20(a) claims in the amount of $5,399,360, and prejudgment interest at 9¼ % of $3,162,000. The award is reduced by the amount of $1,111,153, which is the amount plaintiffs received from the Settling Defendants. Therefore, the court awards damages to SSRIT in the net amount of $7,450,207.

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

May 17, 2005
Columbia, South Carolina