# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| IN RE SAFETY-KLEEN CORP. BONDHOLDERS LITIGATION | Consol. Case No. 3-00-1145-JFA |

## ORDER AND FINAL JUDGMENT

On July 14, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 13, 2006 (the "Stipulation"), including the releases provided for in the Stipulation, are fair, reasonable and adequate for the settlement of all claims asserted by the Class against defendant TD Securities (USA) Inc. n/k/a TD Securities (USA) LLC ("TD Securities") in the Complaint filed in this Court under the above caption, and should be approved; (2) whether judgment should be entered dismissing the Complaint with prejudice as to TD Securities; and (3) whether and in what amount to award Plaintiffs' Lead Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all Class Members who previously submitted valid proof of claim forms and received distributions in connection with the prior partial settlements of the Action approved by the Court, and that a summary notice of the hearing substantially in the form approved by the Court was published on one occasion in the national edition of Investors' Business Daily, and the Court having considered and determined the fairness and reasonableness of the Settlement and of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, the Class Members and TD Securities.

2. The Court has previously certified the Action as a Class action, and prospective Class Members have been afforded three opportunities to exclude themselves from the Class, including one opportunity in 2003 when the Class was first certified, and two opportunities in 2005 in connection with two prior partial settlements of the Action which involved substantially greater proceeds than the Settlement with TD Securities. No Class Members have acted to exclude themselves from the Class.

3. Notice of the certification of the Class and of each of the two prior Class settlements of the Action was provided by publication and mailing to all reasonably identifiable Class Members. Notice of the proposed Settlement with TD Securities was mailed to all Class Members who previously submitted valid proof of claim forms and received distributions in connection with the prior partial Class settlements of the Action approved by the Court. In addition, a summary notice of the proposed Settlement was published on one occasion in the national edition of Investor's Business Daily. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law; constituted the best notice practicable under the circumstances (including the relative value of the Settlement as compared to the costs of providing alternative forms of notice); and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Settlement is approved as fair, reasonable and adequate, and the parties are directed to and shall consummate and abide by the Settlement in accordance with the terms and provisions of the Stipulation.

5. The Action, which the Court finds was filed on a good faith basis in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against TD Securities.

6.	All Class Members who have not previously excluded themselves from the Class and the heirs, executors, administrators, successors and assigns of any of them are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, related to, or in any way based upon the subject matter of the Action, the factual allegations of the Complaint or any transaction in or related to the Bonds (the "Settled Claims") (but excluding any claims to enforce the terms of the Settlement) against TD Securities, which includes its present and former parents, subsidiaries, divisions, partners, principals, directors, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns.  The Settled Claims are hereby compromised, settled, released, discharged, dismissed and forever abandoned as against TD Securities with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

7.	TD Securities and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action against the Lead Plaintiffs, the Class Members, or any of their present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Plaintiffs' Lead Counsel), whether known or unknown, whether under state or federal law, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, or relating in any way to the institution, prosecution, or settlement of the Action (but excluding any claims to enforce the terms of the Settlement).

8.	The Court hereby bars all claims by any person against TD Securities for contribution and/or indemnification arising out of the Action and bars all claims by TD Securities against any person for contribution and/or indemnification arising out of the Action, other than a person whose liability has been extinguished by the Settlement, each to the fullest extent permitted by 15 U.S.C.

§ 78u-4(f)(7) and any other applicable law or regulation.

9. Neither this Order and Final Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statement referred to therein shall be:

a. offered or received against TD Securities as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by TD Securities with respect to the truth of any fact alleged by the Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of TD Securities;

b. construed as or received in evidence as an admission, concession or presumption against the Plaintiffs or any of them that any of their claims are without merit or are subject to any infirmities, or that damages recoverable under the Complaint would not have exceeded the Settlement Amounts; or

c. construed against TD Securities or the Plaintiffs as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

10. The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

11. Plaintiffs' Lead Counsel are hereby awarded $84,967 in attorneys' fees, which shall be paid from the Class Settlement Fund and which the Court finds to be fair and reasonable, and $28,485 in reimbursement of expenses, which shall be paid to Plaintiffs' Lead Counsel from the Class Settlement Fund with interest from the date such Class Settlement Fund was funded to the date of payment at the same net rate that the Class Settlement Fund earns. Additionally, the court authorizes payment from the settlement proceeds to the Claims Administrator of $15,767.46.

12. Exclusive jurisdiction is hereby retained over the parties and the Class Members for

all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

13.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

14.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

July 14, 2006                                           s/ Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge